

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

May 31, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. Roger Thurmond
District Attorney
Del Rio, Texas

Dear Sir:

Opinion No. O-887
Re: Should city firemen obtain chauffeurs'
licenses, and should a city employee
driving a small city-owned pickup truck
in repair work obtain a chauffeur's li-
cense under Article 6687a, Vernon's An-
notated Civil Statutes?

We are in receipt of your letter of May 25,
1939, in which you request an opinion of this department
as follows:

"Please advise me if, in the opinion of
your Department, it is necessary for firemen of
the city of Del Rio, driving the fire apparatus
of said city for compensation, to obtain chauf-
feurs' licenses under the provisions of Article
6687a.

"The city of Del Rio employs a superin-
tendent to manage the municipally owned water
system. This man, as a part of his duties, is
required to drive a small pickup truck owned by
the city on which he carries small fittings,
valves and other water connections necessary
for emergency repairs. This truck is register-
ed as property of the city and carries an exempt
license plate.

"Please advise me if, in your opinion,
this man is required to obtain a chauffeur's
license."

The word "chauffeur" is defined in § (g) of
section 1 of Article 6687a, Vernon's Annotated Civil

Statutes, as follows:

"(g) Chauffeur. Any person who operates
a motor vehicle for any purpose, whole or part
time, as an employee, servant, agent, or inde-
pendent contractor, whether paid in salary or
commission; and every person who operates a
motor vehicle while such vehicle is in use for
hire or lease."

All "chauffeurs" are required to be licensed
under section 2 of article 6687a, supra:

"On and after April 1, 1932, no person ex-
cept those expressly exempt under this act,
shall drive any motor vehicle upon a highway in
this state unless such person upon application
has been licensed as an operator or chauffeur
by the department under the provisions of this
act."

Section 3 of Article 6687a expressly sets forth
those persons who are exempt from the obligation of ob-
taining a chauffeur's license.

The employees of a city are not exempted from
procuring a chauffeur's license by the provisions of sec-
tion 3 of article 6687a.

As pointed out in opinion No. O-723 of this de-
partment, rendered on May 10, 1939 to Hon. Charles S. Mc-
Millan, County Attorney of San Augustine County, Texas,
any person who operates a motor vehicle for any purpose,
whole or part time, as an employee of a city, whether paid
in salary or commission, falls within the statutory defi-
nition of "chauffeur" and is obliged to obtain a chauf-
feur's license.

It is our opinion the statutory definition of
chauffeur, in the absence of exception, applies to any
"employee" irrespective of the fact that the employer is
private or governmental as long as other conditions are
satisfied.

Where an employer is a governmental division,
however, the question presents itself as to whether the

party whose status as a "chauffeur" is being determined, is a public officer or an employee. If said party is not "an employee, servant, agent or independent contractor", as said terms are used in the statutory definition of "chauffeur", then it is not necessary that a chauffeur's license be obtained.

The question now to be considered is whether firemen are city employees or city officers.

### 30 TEX. JUR. 204

"Who are officers and who are employees is to be determined by the provisions of the charter and the statutes. Where the elective and appointive officers are absolutely named and fixed by the charter, all others connected with the city government must be employees, agents or servants. Such a charter classification cannot be changed by the City Commission, as by increasing the number of elective or appointive officers, or by making those designated as employees appointive officers, unless the charter so provides. As used in some charters the term 'any officer' includes only such persons in the service of the city who have to do with the execution or administration of the laws, and does not embrace alderman.

"Members of the police force of a municipal corporation are generally classed as officers and usually are state officers; but under some charters members of the police and fire department are classed as employees. A superintendent of public utilities has been held to be an employee and not an officer. Under some charters members of the Board of Education of the city are city, and not county, officers."

### 30 TEX. JUR.

" * * * Under some charters members of the fire department are classed as employees; and charters sometime place them under civil service regulations."

### See BROWN v. UHR, 187 SW 381
(1916)

"* * * The charter has seen proper to divide the servants of the city into elective and appointive officers, employees, servants, or agents, and necessarily its provisions must be followed. It would totally distort the provisions of the charter and stultify and destroy the ends of its creations, if, by a vote of the majority of the commissioners, all those designated as employees could be transformed into appointive officers to be nominated for appointment by the mayor. The language of the charter will not bear such a construction, and we cannot conceive that such was the intention of the makers of the charter."

It is our opinion that in municipalities where city firemen driving fire apparatus of the city are classed as "employees", they must obtain chauffeurs' licenses under article 6687a, Vernon's Annotated Civil Statutes. The status of a fireman as either employee or officer is to be determined by the provisions of the city charter.

In regard to your second question, under the facts presented, we have no trouble in classing a superintendent of the municipally-owned water system who drives a small pickup truck owned by the city for the purpose of making repairs, as an "employee" of the city. As an "employee" he falls clearly within the statutory definition of "chauffeur" which applies to "an employee, servant, agent or independent contractor" whether the employer is a private or governmental agency. He is obliged to obtain a chauffeur's license under article 6687a, Vernon's Annotated Civil Statutes.

For further authorities on related matters, we respectfully refer you to the following opinions recently rendered by this department:

1. Opinion No. 0-03, January 5, 1939, holding that a county commissioner is a public officer and not an employee, servant, agent or independent contractor as these terms are used in the definition of a chauffeur in article 6687a, and that a county commissioner while driving an automobile belonging to the county and on county business is not a chauffeur within the meaning

In calculating income and resources of the
applicant, the Commission shall take into
account all money received by gift, devise
or descent."

Section 7 of the Act, in part, provides as
follows:

"The Commission shall have full power and
authority to provide such method of local ad-
ministration in the various counties and dis-
tricts of Texas as it deems advisable * * *"

Section 11(b) of the Act creates and establishes
a special fund of the Treasury of the State of Texas to be
kept by the State Treasurer separate and apart from all
other funds to be known as the "Texas Old Age Assistance
Fund", for the purpose of paying the aid and assistance
provided for in the Act.

Section 12 of the Act authorizes the Commission
to promulgate and establish such rules and regulations
as may be necessary immediately to make grants of assistance
to such of those persons as may be eligible under the pro-
visions of this Act.

Section 13(a) of the Act provides as follows:

"All old age assistance benefits provided for
under the terms of this Act shall be paid by vouchers
or warrants drawn by the State Comptroller on the
Texas Old Age Assistance Fund; for the purpose of
permitting the State Comptroller properly to draw
and issue such vouchers or warrants, the Texas Old
Age Assistance Commission shall furnish the Comp-
troller with a list or roll of those entitled to
assistance from time to time, together with the
amount to which each recipient is entitled. When
such vouchers or warrants have been drawn, they
shall be delivered to the Executive Director of
the Texas Old Age Assistance Commission, who in
turn shall supervise the delivery of the same to
the persons entitled thereto."

hands while driving trucks belonging to the coun-
ty on county business are chauffeurs within the
meaning of section 1 (g) of Article 6687a, Ver-
non's Annotated Civil Statutes and are obliged
to obtain chauffeurs' licenses.

Trusting that the above fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By,

Dick Stout
Assistant

DS:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN